**Britt SHERLING, a Minor by his Parents and Next Friends, Ray and Polly Sherling, etc., et al., Plaintiffs-Appellants,**

v.

**Dr. John F. TOWNLEY, Individually and as Superintendent of the Irving Independent School District, et al., Defendants-Appellees.**

No. 71-1474.

United States Court of Appeals,
Fifth Circuit.

July 25, 1972.

Tuttle, Circuit Judge, concurred specially and filed opinion.

John P. Knouse, Irving, Tex., for plaintiffs-appellants.

James W. Deatherage, Irving, Tex., for defendants-appellees.

Before JOHN R. BROWN, Chief Judge, and TUTTLE and INGRAHAM, Circuit Judges.

PER CURIAM:

This appeal involves a constitutional challenge to a school dress code adopted by the Irving (Texas) Independent School District. The District Court denied declaratory and injunctive relief against the enforcement of regulations governing the hair length of male students.

Our recent en banc decision in Karr v. Schmidt, 5 Cir., 1972, 460 F.2d 609, dictates an affirmance of that judgment.

Affirmed.

TUTTLE, Circuit Judge (concurring specially):

With extreme reluctance I concur in the decision of the court. I do so, because, as indicated in the opinion, our judgment of affirmance here is coerced by the recent en banc decision of this court in Karr v. Schmidt, 5 Cir., 1972, 460 F.2d 609, a decision which was concurred in by eight of the judges of this court in active service, but dissented from by seven members of the court. Although I was not a member of the en banc court, since I am not a member of the court on active service, I nevertheless am a member of the court in this case, the disposition of which was withheld pending the action of the court en banc in Karr v. Schmidt. This, therefore, is the only opportunity I have to express my views on the issue which was presented to the court en banc in Karr v. Schmidt. I do so by stating that were I a member of the en banc court, I would have associated myself with the carefully written dissenting opinion authored by Judge Wisdom and concurred in by Chief Judge Brown, and Judges Thornberry, Goldberg and Simpson. I would have also concurred in the dissenting opinion by Judge Roney in that I would have agreed with him that the intrusion into the private lives of eighteen year old high school students is prohibited by the Ninth Amendment as explicated in Griswold v. Connecticut, 381 U.S. 479, 85 S.Ct. 1678, 14 L.Ed.2d 510, 1965.

It seems to me that the majority opinion in Karr posed the wrong question when it stated it as follows: "Is there a constitutionally protected right to wear one's hair in a public high school in the length and style that suits the wearer?" I would say that the question before the court was rather, "May the principal of a high school or the board of education of a county school system constitutionally deny a public education to a student *solely* because he elects to wear his hair longer than prescribed by the rigid requirements of the school board?" Another way to put it might be, "Can a local school board constitutionally divide otherwise eligible male students into two classes consisting of 'short hairs,' on the one hand, and 'long hairs' on the other, and expend publicly raised funds for the education of the 'short hairs' and deny such education to the 'long hairs'?"

I first faced this issue in the case of Ferrell v. Dallas Independent School District, 5 Cir., 1968, 392 F.2d 697, where the majority opinion assumed that "for the purpose of this opinion * * * a hairstyle is a constitutionally protected mode of expression," and thus entitled to First Amendment protection. Upon that assumption, I then stated, "I would say that there is no countervailing state need or requirement that would warrant such interference with the constitutional first amendment right under the standard adopted by the Court in the quotation from Dennis v. United States, 341 U.S. 494, 71 S.Ct. 857, 95 L.Ed. 1137, 'In each case [courts] must ask whether the gravity of the "evil," discounted by its improbability, justifies such invasion of free speech as is necessary to avoid the danger.' "

I still hold this view, and I also continue to adhere to what I then stated as an alternative basis for denying an education to the three students there before the court because of a violation of the grooming code, "Moreover, even though the method of wearing the hair is not constitutionally protected under the First Amendment, it appears to me, without the slightest doubt that this is an utterly unreasonable classification of students by the state in granting or denying the right of a public education. This, of course, if true, is violative of the Fourteenth Amendment."

Once again I think this court, in its en banc opinion, and the earlier decisions by this court achieving the same result, focus on the wrong right that is sought to be protected. It is easy to ask, "What real difference does it make to a youngster whether his hair is three or four inches longer?" The implication is that it ought not to mean *anything* to him. But what are we to say of the elected school officials *to whom it means so much that they are willing to deny to such a boy what has become a fundamental right of every American child*—a common school and high school education at public expense. Thus, again, I say it is not the right of an eighteen year old male student to wear his hair as he sees fit that is at issue, it is the power of a public body to classify those who do wear their hair in new style as a group to be denied a public education.

Even a judge, I suppose, can take some satisfaction by using his own powers of observation to note that the very great prevalence of students whose hair is not groomed in accordance with the requirements of Coronado High School or the El Paso School System do seem to be able to pursue their high school courses in school systems whose boards have learned what to me seems too obvious to require repetition—that is that the length of a boy's hair has no conceivable relation either to his studiousness, his character, his good citizenship, or his ability effectively to pursue the most demanding courses in the public schools.

Rather than adopting a *per se* rule that federal courts lack jursdiction to entertain any further hair cases, I would favor the court having adopted a *per se* rule that no such regulation can stand under the equal protection provisions of the Fourteenth Amendment on the ground that such regulations create a classification of citizens totally unrelated to the objectives of the operation of high schools. Otherwise, I would also join in the dissent of Judge Godbold.